IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA DEETER,
        Plaintiff,

vs.                                 CIVIL ACTION NO. 14-215 Erie

TRINITY SERVICES
GROUP, INC. a/k/a TRINITY FOOD
SERVICES and MILLER BROTHERS
STAFFING SOLUTIONS, LLC, a/k/a
MILLER BROTHERS STAFFING
SOLUTIONS,
        Defendants.

**AMENDED COMPLAINT**

COMES NOW, Plaintiff, Tina Deeter, by her attorneys, Segel & Solymosi, and complains of Defendant, Trinity Services Group, Inc. a/k/a Trinity Food Services and Miller Brothers Staffing Solutions, LLC a/k/a Miller Brothers Staffing Solutions as follows:

**Jurisdiction And Parties**

1. This is an action to remedy violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000(e) et seq. Jurisdiction of this Court is based upon 28 U.S.C. Section 1331.

2. All conditions precedent to jurisdiction under Section 706 of Title VII, 42 U.S.C. Section 2000-5(f)(3) have been complied with.

    (a)    A charge of employment discrimination based on sex was filed with the Equal Employment Opportunity Commission ("EEOC") against Trinity Food Services within 180 days of the unlawful employment practice complained of herein.

    (b)    A Notification of Right to Sue was received from the EEOC on May 19, 2014.

(c) This Complaint has been filed within 90 days of the EEOC's Notification of Right to Sue.

(d) A charge of employment discrimination on the basis of sex was filed with the EEOC against Miller Brothers Staffing Solutions ("Miller Brothers") within 180 days of the commission of the unlawful employment practices complained of herein.

(e) A Notification of Right to Sue was received from the EEOC on May 19, 2014.

(f) This Complaint has been filed within 90 days of the EEOC's Notification of Right to Sue.

3. Plaintiff, Tina Deeter, is a female, a citizen of the United States and the Commonwealth of Pennsylvania who resides at 3951 Hall Road Extension, Cochranton, Crawford County, Pennsylvania.

4. Defendant, Trinity Services Group, Inc. a/k/a Trinity Food Services (hereinafter "Trinity"), is a Florida corporation registered to do business in Pennsylvania with an unknown business address but a registered office address c/o Ct Corporation System, 100 South Street, Harrisburg, Pennsylvania 17101.

5. Trinity is a "person" within the meaning of Section 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e).

6. Trinity is engaged in an "industry affecting commerce" within the meaning of Section 701 of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e).

7. Trinity employs 15 or more employees and is an "employer" within the meaning of Section 701 of the Civil Rights Act of 1964, 42 U.S.C. Section 2000€.

8. Miller Brothers Staffing Solutions, LLC a/k/a Miller Brothers Staffing Solutions (hereinafter "Miller Brothers"), is a Pennsylvania limited liability company with its office and principal place of business at 928 Park Avenue, Meadville, Crawford County, Pennsylvania.

9.  Miller Brothers is a person "within the meaning of Section 701 of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e).

10. Miller Brothers engaged in an "industry affecting commerce" as within the meaning of Section 701 of the Civil Rights Act of 1964, U.S.C. Section 2000(e).

11. Miller Brothers employs 15 or more employees and is an "employer" within the meaning of Section 701 of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e).

12. All the discriminatory employment practices alleged herein arose in this District. Therefore, venue properly lies pursuant to 28 U.S.C. Section 1391.

## Statement of Facts

13. At all times relevant hereto, Plaintiff worked through Miller Brothers, an employment agency.

14. In mid May 2013, Plaintiff was placed with Trinity at Quality Living Center, 16871 Craig Road, Saegertown, Pennsylvania, where she was assigned to work in the kitchen.

15. Plaintiff was subject to unwelcome and bothersome abusive conduct directed at her because of her sex by Carl, one of her supervisors, because of her gender that constituted sexual harassment and created a hostile work environment.

16. One day, as Plaintiff was at the dishwasher, Carl threw something into the sink and said to Plaintiff, "Tina, do I make you wet".

17. On another occasion, as Plaintiff was making meatballs, Carl said to her, "I bet you can't wait to get my balls in your mouth". Carl would make similar comments two to three times per week.

18. Carl invited Plaintiff to his home after his wife went to Italy. He wanted to drain his pool and fill it with pudding. He said bathing suits were optional.

19. Plaintiff asked Carl if he would make buckwheat pancakes. He said yes, but did not want to make them at work. He wanted to make them at home to serve to Plaintiff when he rolled her over in bed.

20. Carl told Plaintiff that one of the clients told him that his sister had the best pussy around. Then he looked at Plaintiff and said, "That was before you got here".

21. When Carl and Plaintiff were making pudding, he said pudding is nice, but he would put peanut butter on Plaintiff because it would last longer.

22. On one occasion, Carl threw a carrot at Plaintiff, knowing that she was allergic to carrots. He said, "Tina took one home and used it".

23. One day while Plaintiff and Carl were in line, he rubbed himself on her hand which was at her side and said, "Tina, don't touch me like that".

24. Carl continually asked Plaintiff if she would go into the cooler with him.

25. Carl said to Plaintiff, "I bet you like your hair pulled, maybe even a spanking".

26. On June 12, 2013, Plaintiff reported Carl's sexual harassment to "Billy", a female supervisor.

27. On June 14, 2013, Plaintiff was contacted by Miller Brothers and was advised that she was no longer to report to Trinity at Quality Living Center.

## COUNT I

## TINA DEETER V. TRINITY

28. Plaintiff incorporates herein the allegations of Paragraphs 1 through 27 of this Complaint as though more fully set forth at length.

29. As a female employee, Plaintiff was a member of a protected class.

30. Trinity had a duty to maintain Plaintiff's work environment as required by Title VII of the Civil Rights Act of 1964.

31. The aforementioned conduct has caused Plaintiff to suffer severe humiliation, embarrassment, degradation, loss of past and future earnings and emotional distress that has seriously affected Plaintiff's psychological well-being.

WHEREFORE, Plaintiff, Tina Deeter, prays that this Honorable Court enter judgment in her favor and against Defendant, Trinity as follows:

(a) That a finding be entered that Trinity intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq. as amended by the Civil Rights Act of 1991;

(b) That Plaintiff be awarded back pay and front pay;

(c) That Plaintiff be awarded compensatory and punitive damages;

(d) That Plaintiff be awarded reasonable attorney's fees and costs; and

(e) That Plaintiff be awarded such other relief as this Honorable Court may deem just and proper.

## COUNT II

## TINA DEETER V. MILLER BROTHERS

32. Plaintiff incorporates by reference herein the allegations of Paragraphs 1 through 31 of this Complaint as though more fully set forth at length.

33. In discharging Plaintiff in retaliation for complaining to Trinity concerning Carl's sexual harassment of her, Miller Brothers has intentionally and with malice and/or reckless indifference and disregard of the rights of Plaintiff, violated Title VII of the Civil Rights Act of 1964.

34. The aforementioned conduct has caused Plaintiff to suffer severe humiliation, embarrassment, degradation, loss of past and future earnings and emotional distress that has seriously affected Plaintiff's psychological well-being.

WHEREFORE, Plaintiff, Tina Deeter, prays that this Honorable Court enter judgment in her favor and against Defendant, Miller Brothers, as follows:

(a) That a finding be entered that Miller Brothers intentionally discriminated against Plaintiff with malice and/or reckless indifference to Plaintiff's federally protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000(e) et seq. as amended by the Civil Rights Act of 1991;

(b) That Plaintiff be awarded back pay and front pay;

(c) That Plaintiff be awarded compensatory and punitive damages;

(d) That Plaintiff be awarded reasonable attorney's fees and costs; and

(e) That Plaintiff be awarded such other relief as this Honorable Court may deem just and proper.

A TRIAL BY JURY IS DEMANDED.

Respectfully submitted,


By: /s/ Tibor R. Solymosi, Esquire
    Attorney for Plaintiff

818 State Street
Erie, Pennsylvania 16501
ts@ssinjurylaw.com
Phone: (814) 454-1500
Fax: (814) 454-1502