**WATSON DUNCAN LLC**
Raheem S. Watson, Esquire
BNY Mellon Center
1735 Market Street, Suite 3750
Philadelphia, PA 19103
(267) 507-6143 (T)
(215) 754-4463 (F)
rwatson@watsonduncan.com
*Attorney for Defendant Miller Brothers Staffing Solutions, LLC a/k/a Miller Brothers Staffing*

### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINA DEETER, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| TRINITY SERVICES GROUP, INC.; | : | No. 1:14-cv-00215-JFM ERIE |
| MILLER BROTHERS STAFFING | : | |
| SOLUTIONS, LLC a/k/a MILLER | : | |
| BROTHERS STAFFING SOLUTIONS | : | |
| | : | |
| | : | |
| DEFENDANTS. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MILLER BROTHERS STAFFING SOLUTIONS, LLC a/k/a MILLER BROTHERS STAFFING SOLUTIONS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### I.    INTRODUCTION

**AND NOW**, Defendant Miller Brother's Staffing Solutions, LLC a/k/a Miller Brothers Staffing Solutions ("MBS Solutions"), by and through its undersigned counsel Watson Duncan LLC, hereby submit this memorandum of law in support of its Motion to Dismiss for Failure to State a Claim Upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b) (6).

### II.    STATEMENT OF FACTS

Defendant MBS Solutions hereby incorporates the Statement of Facts as set forth in Plaintiff, Tina Deeter's ("Ms. Deeter") Complaint as if fully set forth herein.

### III.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b) (6), a court may dismiss a complaint for failure to state a claim upon which it cannot grant relief. A motion to dismiss "admits all well-pleaded facts in the complaint as distinguished from conclusory allegations." Mitchell v. King, 537 F.2d 385, 386 (10th Cir.1976) (citing Jones v. Hopper, 410 F.2d 1323 (10th Cir.1969)). When ruling on a motion to dismiss, the court must accept as true well-pleaded factual allegations, but also consider whether "they plausibly give rise to an entitlement to relief." Barrett v. Orman, 373 Fed.Appx. 823, 825 (10th Cir.2010) (quoting Ashcroft v. Iqbal, ––– U.S. –––, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)).  Indeed, it is not the court's role to weigh potential evidence that the parties might present a trial, but rather to determine whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief. See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir.1999). A court may not grant the motion because it believes it is unlikely the plaintiff can prove the allegations. See Robbins v. Oklahoma, 519 F.3d 1242, 1246 (10th Cir.2008).

A complaint challenged by a rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but a plaintiff's obligation to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S.Ct. at 1949 (internal alterations, citations, and quotations omitted). See Bixler v. Foster, 596 F.3d 751, 756 (10th Cir.2010) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting Ashcroft v. Iqbal, 129 S.Ct. at 1949). Bell Atlantic Corp. v. Twombly, 550 U.S. at 570, 127 S.Ct. 1955.  "Factual allegations must be enough to raise a right to relief above

the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555–56, 127 S.Ct. 1955 (internal citation omitted).

The [Supreme] Court explained that a plaintiff must 'nudge his claims across the line from conceivable to plausible' in order to survive a motion to dismiss. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir.2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 547, 127 S.Ct. 1955) (alterations omitted). The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ashcroft v. Iqbal, 129 S.Ct. at 1949. Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d at 1177 (emphasis in original). The court is not required to accept the conclusions of law or asserted application of law to the alleged facts. See Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir.1994); Olpin v. Ideal Nat'l Ins. Co., 419 F.2d 1250, 1255 (10th Cir.1969). Nor is the court required to accept as true legal conclusions that are presented as factual allegations. See Brooks v. Sauceda, 85 F.Supp.2d 1115, 1123 (D.Kan.2000) (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Saavedra v. Lowe's Home Centers Inc., 748 F.Supp.2d 1273 (D.N.M., 2010).

### IV.   LEGAL ARGUMENT

Defendant Miller Brothers' Motion to Dismiss for failure to state a claim under rule 12(b)(6) must be granted because Miller Brothers was not an employer of Plaintiff under Title VII of the Civil Rights Act of 1964, and therefore; in viewing the allegations in the most favorable light to the non-movant, Plaintiff is unable to prevail on its Title VII claims of Retaliation under 42 U.S.C. 2000 et. seq.

3

Under the definitions provided in Title VII, the term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. 42 U.S.C. § 2000e (b). The term "employee" means an individual employed by an employer. 42 U.S.C.C § 2000e (f).

The term "employment agency" means any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person. The statute provides that it shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin. 42 U.S.C.C § 2000 e-2 (b).

Here, MBS Solutions is not an "employer" as defined under Title VII. Ms. Deeter was not an "employee" of MBS as defined under Title VII. Indeed, MBS is an "employment agency" under Title VII because MBS is regularly engaged in the business of undertaking with compensation, the procurement of employees for an employer or to procure for employees opportunities to work for an employer. In her Complaint, Ms. Deeter alleges that she was **placed** by MBS to work with Trinity Services Group, Inc. ("Trinity") at Quality Living Center, 16871 Craig Load, Saegertown, Pennsylvania in May 2013. (See Compl. at ¶ 13-14). By virtue of MBS's **placement** of Ms. Deeter with Trinity, MBS cannot be deemed an "employer" under Title VII, and liability may only be determined as an "employment agency." Under 42 U.S.C.C § 2000 e-2 (b), an "employment agency" may be held liable under Title VII if fails or refuses to

4

refer for an individual for employment. Here, Ms. Deeter does not allege that MBS failed or refused to defer Ms. Deeter for employment. Instead, Ms. Deeter alleges that MBS discriminated against Plaintiff by "discharging" her in retaliation for her Complaints of sexual harassment against Trinity. (See Compl. at ¶ 33). Since Ms. Deeter was not an "employee" of MBS within the meaning of Title VII, MBS could not have discriminated against Ms. Deeter by "discharging" her, because she not an employee of MBS—an employment agency.

Additionally, the only exceptions where an entity may be liable for another entity's discrimination is when (1) the entities can be considered a "single employer" or "integrated enterprise," (2) the entities can be considered "joint employers," or (3) the discriminating entity is the agent of the other entity. See Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 993 (6th Cir.1997); Morgan v. Safeway Stores, Inc., 884 F.2d 1211, 1213-14 (9th Cir.1989); Childs v. Local 18, Int'l Brotherhood of Electric Workers, 719 F.2d 1379, 1382-83 (9th Cir.1983). In the instant matter, Plaintiff does not allege any facts to suggest that Trinity and MBS operated as a "single employer" or "joint employer" of Ms. Deeter. Accordingly, Plaintiff cannot prevail under a theory of "single employer" or "joint employer" liability either.

## V. CONCLUSION

For the reasons set forth above, because Plaintiff cannot prevail on its Title VII claims against Defendant MBS, Plaintiff's Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

                Respectfully submitted,

                */s/ Raheem S. Watson*
                _____
                Raheem S. Watson, Esquire
                Pa. Attorney ID #306945
                Watson Duncan LLC
                BNY Mellon Center
                1735 Market Street, Suite 3750
                Philadelphia, PW 19103
                (267) 507-6143(T)
                (215) 754-4463(F)

February 9, 2015