IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA DEETER,
    Plaintiff,

vs.                                       CIVIL ACTION NO. 14-215 Erie

TRINITY SERVICES
GROUP, INC. a/k/a TRINITY FOOD
SERVICES and MILLER BROTHERS
STAFFING SOLUTIONS, LLC, a/k/a
MILLER BROTHERS STAFFING
SOLUTIONS,
    Defendants.

**PLAINTIFF'S BRIEF IN OPPOSITION TO THE MOTION TO DISMISS COMPLAINT UNDER FED. R. CIV. P. 12(b)(6) AS TO DEFENDANT MILLER BROTHERS' STAFFING SOLUTIONS, LLC a//k/a MILLER BROTHERS STAFFING SOLUTIONS**

## Statement Of The Case

Plaintiff worked through Miller Brothers Staffing Solutions, LLC a/k/a Miller Brothers Staffing Solutions. In mid May 2013, she was placed with Trinity Services Group, Inc. a/k/a Trinity Food Services (hereinafter "Trinity") at Quality Living Center, 16871 Craig Road, Saegertown, Pennsylvania, where she was assigned to work in the kitchen.

Plaintiff was subject to unwelcome and bothersome abusive conduct directed at her because of her sex by Carl Amodei, one of her gender that constituted sexual harassment and created a hostile work environment. One day, as she was at the dishwasher, Carl Amodei threw something into the sink and said to her, "Tina, do I make you wet?" On another occasion, she was making meatballs, Carl Amodei said to her, "I bet you can't wait to get my balls in your mouth." He would make similar comments two or three times per week.

Carl Amodei invited Plaintiff to his home after his wife went to Italy. He wanted to drain his pool and fill it in with pudding. He said bathing suits were optional. On another occasion,

Plaintiff asked Carl Amodei if he would help her make buckwheat pancakes. He said yes, but did not want to make them at work. He wanted to make them at home to serve to her when he rolled her over in bed.

Carl Amodei told Plaintiff that one of the clients told him that his sister had the best pussy around. Then he looked at Plaintiff and said, "That was before you got here." When Carl Amodei was making pudding, he said pudding is nice, but he would put peanut butter in her because it would last longer.

On another occasion, Carl Amodei threw a carrot at Plaintiff knowing she was allergic to carrots. He said, "Tina took one home and used it." One day while Plaintiff and Carl Amodei were in line, he rubbed himself on her hand which was at her side and said, "Tina, don't touch me like that." Carl Amodei continually asked Plaintiff if she would go into the cooler with him. He said to her, "I bet you like your hair pulled or even a spanking."

On June 12, 2013, Plaintiff reported Carl Amodei's harassment to Billie Lee Midkoff, a female supervisor.

On June 14, 2013, Plaintiff was contacted by Miller brothers and advised she was no longer to report to Trinity at Quality Living Center.

On October 21, 2013, Plaintiff filed a charge of Discrimination against Trinity and Miller Brothers with the Equal Employment Opportunity Commission (hereinafter "EEOC"). On May 19, 2014, the EEOC notified Plaintiff that the charge of discrimination had been dismissed and she was given a Notification of Right to Sue.

On August 15, 2014, Plaintiff filed a Complaint against Trinity and Miller Brothers with this Court. In her Complaint, Plaintiff alleged that Trinity and Miller Brothers had violated Title VI of the Civil Rights Act of 1964, U.S.C. Section 2000e, et seq. On December 24, 2014,

Trinity filed an Answer to the Complaint. On February 9, 2015, Miller Brothers filed a Motion To Dismiss The Complaint pursuant to Fed. R.C.P. 12(b)(6). In its Motion To Dismiss, Miller Brothers contends that Plaintiff has failed to set forth a claim for which relief may be granted under Title VII of the Civil Rights Act of 1964.

## Issue

Whether Plaintiff Has Set Forth A Claim For Which Relief May Be Granted Under Title VII Of The Civil Rights Act Of 1964 Against Miller Brothers?

## Argument

Plaintiff Has Set Forth A Claim For Which Relief May Be Granted Under Title VII Of The Civil Rights Act Of 1964 Against Miller Brothers.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis for which relief can be granted. In the context of a motion to dismiss under Rule 12(b)(6), the Court must accept as true all of the factual elements of the Complaint and all reasonable inferences that can be drawn therefrom. Nami v. Fawes, 82 F.3d 63 (3rd Cir., 1996). Although the Court is generally limited in its review to the facts alleged, it may also consider matters of public record, other exhibits attached to the Complaint and items appearing in the record of the case. Oshiver v. Levin, Fishbean, Sedran & Berman, 38 F.3d 1380 (3rd Cir., 1994). A complaint must contain enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct., 1955 (2007). The complaint will be deemed to have sufficient facts if it adequately put the defendant on notice of the essential elements of plaintiff's cause of action. Langford v. City of Atlantic City, 235 F.3d 845 (3rd Cir.,

2000). The Court must grant leave to amend before dismissing a complaint that is merely deficient. Shane v. Fauver, 213 F.3d 113 (3rd Cir., 2000).

Applying these principals to the instant case, it is clear that Plaintiff has set forth a claim for which relief may be granted against Miller Brothers under Title VII of the Civil Rights Act of 1964.

Section 703 of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2, provides in relevant part as follows:

Section 2000e-2. Unlawful Employment Practices

(a) Employer Practices

It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

(b) Employment Agency Practices

It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin, or to classify or refer for employment any individual on the basis of his race, color, religion, sex, or national origin.

Miller Brothers contends that it cannot be held liable to Plaintiff because under Section 703(b) employment agencies are subject to liability only for discriminatory referral whereas an employer is liable for discrimination in hiring, firing and employment practices under Section 703(a). Plaintiff disagrees with the contention that an employment agency is liable only for

4

discriminatory referral. However, before addressing that matter, Plaintiff will first address the issue that Miller brothers is liable to Plaintiff as an employer.

Section 701(b) of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e(b) defines "Employer" as follows:

Section 2000e. Definitions

For the purposes of this subchapter –

(b)     The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, but such term does not include (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service (as defined in Section 2102 of Title 5), or (2) a bona fide private membership club (other than a labor organization) which is exempt from taxation under Section 501(c) of Title 26, except that during the first year after March 24, 1972, persons having fewer than twenty-five employees (and their agents) shall not be considered employers.

A defendant may be held liable under Title VII if it (1) fits within the definition of Title VII, and (2) exercises substantial control over significant aspects of the compensation terms, conditions or privileges of Plaintiff's employment. Magnusen v. Peak Technical Services, Inc., 808 F. Supp. 500 (E.D. Va., 1992). In determining "employer" status, the court is guided by the broad remedial powers of Title VII which militates against the adoption of a rigid rule strictly limiting "employer" status to an individual's dual or single employer. Rogers v. EEOC, 454 F.2d 238 (5th Cir., 1971). Miller Brothers clearly fits within Title VII's definition of an "employer". Thus, to be Plaintiff's employer, Miller brothers must have exercised the requisite control.

The question of whether an employment agency may also be considered an "employer" has been addressed by Federal Courts. Amarnare v. Merrill, Lynch, Pierce, Fenner & Smith, 611

F. Supp. 344 (S.D. NY, 1984), where the Court focused on the right to control the means and manner of the individual's performance. Where the right to control exists, an employer-employee relationship is likely to exist. One of the key factors emphasized in Amarnare to determine if there is the requisite control is whether the employer maintains the right to discharge the individual. Other Federal Courts have recognized three powers as most indicative of the control necessary to establish employer liability hiring, firing and conditions of employment. Paroline v. Unisysis Corporation, 879 F.2d 100, (4th Cir, 1989). In the instant case, Miller Brothers maintained the right to fire Plaintiffs, which it in fact did. The right to fire is the ultimate means of control. Therefore, Plaintiff was an employee of Miller brothers and it is subject to liability as an employer under Section 703(a) of Title VII. Spirider v. Reinhart, 613 F. Supp. 826 (D.C. Cir., 1979).

Second, Miller Brothers is liable to Plaintiff as an employment agency under Section 703(b) of Title VII. Miller Brothers' argument is that an employment agency may be held liable under Section 703(b) of Title VII only if it engaged in discriminatory referral. Such an interpretation would render meaningless the phrase "or otherwise discriminate against an individual" in Section 703. The position taken by Miller Brothers has been rejected by numerous Federal Courts. Johnson v. Louisiana State Employment Service, 301 F. Supp. 675 (N.D. La., 1968). Schattman v. Texas Employment Commission, 330 F. Supp. 328 (W.D. TX, 1971) and Witborn v. Southern Union State Community College, 720 F. Supp. 2d 1274 (M.D. AL, 2010).

Finally, Miller Brothers is liable to Plaintiff under Section 704 of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-3 which provides in relevant part:

Section 2000e-3. Other Unlawful Employment Practices

**(a)    Discrimination for making charges, testifying, assisting, or participating in enforcement proceedings.**

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

The Court will note that Section 704(a) makes no distinction between employer and employment agencies. It applies equally to both.

To establish that a discharge was retaliatory, a plaintiff must show that (1) she engaged in a protected activity, (2) she was discharged subsequent to or contemporaneously with such activity, and (3) there is a causal link between the discharge and the protected activity. Jalil v. Avdel Corp., 873 F.2d 701 (3d Cir., 1989).

Plaintiff has pled each element necessary to establish a claim against Miller Brothers for retaliatory discharge.

She engaged in a protected activity. On June 12, 2013, she reported Carl Amodei's sexual harassment to Billie Lee Medkoff, a female supervisor. Protesting what an employee believes to be a discriminatory practice is clearly protected conduct. Aman v. Cort Furniture Rental Corporation, 85 F.3d 1074 (3d Cir., 1998), and Cacciola v. Work N Gear, 23 F. Supp. 3d 518 (E.D. PA 2014).

She was discharged subsequent to or contemporaneously with such activity. She complained to Billie Lee Medkoff about Carl Amodei on June 12, 2014 and was discharged by Miller Brothers on June 14, 2014.

There is a causal link between the protected activity and the discharge. Where there is a temporal link between the protected activity and the discharge, a causal link has been established. See, <u>Jalil v. Avdel Corp.</u>, supra. 873 F.2d at 708 where the Court held that temporal proximity alone was enough to establish causation where Plaintiff was discharged two days after the protected activity.

Plaintiff has clearly pled a cause of action against Miller Brothers under Section 703 and 704 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2 and Section 2000e-3.

## **CONCLUSION**

In conclusion, for the reasons set forth in this Brief, Plaintiff requests that Miller Brothers' Motion to Dismiss be denied.

Respectfully submitted,

SEGEL & SOLYMOSI

By: /s/ Tibor R. Solymosi, Esquire
    Attorney for Plaintiff

818 State Street
Erie, Pennsylvania 16501
Phone: (814) 454-1500
Fax: (814) 454-1502
ts@ssinjurylaw.com

# CERTIFICATE OF SERVICE

I, Tibor R. Solymosi, Esquire, hereby certify that true and correct copies of the foregoing Plaintiff's Brief In Opposition to the Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(6) As to Defendant Miller Brothers' Staffing Solutions, LLC a/k/a Miller Brothers' Staffing Solutions, were served electronically via the Court's ECF system this 11th day of March, 2015, upon the following:

Raheem S. Watson, Esquire
WATSON DUNCAN
BNY Mellon Building
1735 Market Street, Suite 3750
Philadelphia, Pennsylvania 19103

Brian M. Hentosz, Esquire
Elaine Diedrich, Esquire
Littler Mendelson P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, Pennsylvania 15222

                                        SEGEL & SOLYMOSI

                                        By: /s/ Tibor R. Solymosi, Esquire
                                              Attorney for Plaintiff