IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINA DEETER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-215E |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| TRINITY SERVICES GROUP, INC. | ) | |
| *a/so known as* TRINITY FOOD | ) | |
| SERVICES; MILLER BROTHERS | ) | |
| STAFFING SOLUTIONS, LLC *also* | ) | |
| *known as* MILLER BROTHERS | ) | Re: ECF Nos. 19 and 31 |
| STAFFING SOLUTIONS, | ) | |
| Defendants. | ) | |

## **OPINION**

**KELLY, Chief Magistrate Judge**

Plaintiff Tina Deeter ("Plaintiff") initiated this civil rights action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), bringing claims for sexual harassment discrimination and retaliation against her employer, Trinity Services Group, Inc. ("Trinity"), and Miller Brothers Staffing Solutions ("Miller Brothers"), which is the employment agency that placed her with Trinity.

Presently before the Court is a Motion to Dismiss Complaint under Fed. R. Civ. P. 12(b)(6), ECF No. 19, and a Supplemental Motion to Dismiss for Failure to State a Claim, ECF No. 31, filed on behalf of Miller Brothers. For the reasons that follow, both Motions will be granted.

## **I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that she was placed with Trinity at its Quality Living Center through Miller Brothers in mid-May of 2013. ECF No. 2, ¶¶ 13-14. Plaintiff was assigned to work in the kitchen where she alleges that one of her supervisors subjected her to "unwelcome and

bothersome abusive conduct directed at her because of her sex ... that constituted sexual harassment." Id. at ¶ 15. Plaintiff contends that she reported the sexual harassment to another, female supervisor at Trinity on June 12, 2013, and that on June 14, 2013, Miller Brothers contacted her and advised her that "she was no longer to report to Trinity at Quality Living Center." Id. at ¶¶ 26, 27, 33.

Plaintiff filed a Complaint on August 15, 2014, ECF No. 1, which she amended on that same date in order to correct the caption. ECF No. 2. In the Amended Complaint, which remains the operative complaint, Plaintiff has brought a claim for sexual harassment discrimination pursuant to Title VII against Trinity (Count I), and a Title VII retaliation claim against Miller Brothers (Count II). On February 9, 2015, Miller Brothers filed a Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(6), to which Plaintiff filed a Brief in Opposition to Motion to Dismiss Complaint on March 11, 2015. ECF Nos. 19, 23. Miller Brothers subsequently retained new counsel who requested, and was granted, leave to file a Supplemental Motion to Dismiss. ECF Nos. 29, 30. A Supplemental Motion to Dismiss for Failure to State a Claim was filed on April 30, 2015, in which Miller Brothers reiterates the arguments set forth in the original Motion to Dismiss regarding Miller Brothers status as an employer/employment agency under Title VII, and further argues that Plaintiff has nevertheless failed to state a claim for retaliation. ECF No. 31. Although Plaintiff was given until May 22, 2015, to respond to the Supplemental Motion to Dismiss, no response has been forthcoming. See ECF No. 30. The Motions are nevertheless ripe for review.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in

the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### III.   DISCUSSION

As previously discussed, the only claim brought against Miller Brothers is a claim for retaliation brought pursuant Title VII.[1] In order to state a claim for retaliation under Title VII, a

---

[1] Although Miller Brothers initially argues, correctly so, that it cannot be held liable for *discrimination* under section 703(a) of Title VII because liability for employment agencies under that section is limited to unlawful employment practices relative to employment *referrals*, Plaintiff has brought her claim pursuant to section 704(a), or the *antiretaliation* provision, which provides that "[i]t shall be an unlawful employment practice . . . for an employment agency . . . to discriminate against any individual . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge . . . under this subchapter." See Shah v. Littelfuse Inc., 2013 WL 1828926, at *7 (N.D. Ill. Apr. 29, 2013) (the scope of prohibited practices which would

3

plaintiff must show that: (1) she engaged in activity protected by Title VII; (2) the employer took an adverse action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse action. Kahan v. Slippery Rock Univ. of Pa., 50 F. Supp. 3d 667, 701 (W.D. Pa. 2014), *reconsideration denied*, 2014 WL 7015735 (W.D. Pa. Dec. 11, 2014), *citing* Blakney v. City of Phila., 559 F. App'x 183, 185 (3d Cir. 2014). See Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006).

Here, the Amended Complaint is completely devoid of any facts from which it could be inferred that Miller Brothers retaliated against Plaintiff because she reported that she was being sexually harassed to Trinity. Plaintiff alleges in the Amended Complaint only that she reported the alleged sexual harassment to a female supervisor at Trinity on June 12, 2013, and that she was contacted by Miller Brothers the next day and advised that she was no longer to report to Trinity. ECF No. 2, ¶¶ 26, 27, 33. Although Plaintiff may have engaged in protected activity when she reported the alleged sexual harassment to Trinity, she did not report it to any one at Miller Brothers. Further, Plaintiff has not alleged that Miller Brothers took an adverse employment action against her. Rather, according to the Amended Complaint, Miller Brothers merely advised her that she was no longer to report to Trinity which was Plaintiff's employer.[2]

---

invoke employment agency liability under Title VII is limited in comparison to discrimination cases involving actual employers in that the discriminatory practice must relate to referrals). See also Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 61-63 (2006) (noting that the language of the substantive antidiscrimination provision set forth in section 703(a) of Title VII differs from that of the antiretaliation provision set forth in section 704(a) in important ways). Although it is unclear whether section 704(a) is also limited to discrimination relative to referrals, the Court need not address the issue here since, as discussed below, even if Plaintiff's retaliation claim is properly brought against Miller Brothers in the first instance, Plaintiff has nevertheless failed to plead sufficient facts to sustain such a claim.

[2] Although Plaintiff argues in her Brief in Opposition to Motion to Dismiss Complaint, that Miller Brothers is properly considered her employer, the Court disagrees. While Miller Brothers may be *an* employer in that it is "engaged in an industry affecting commerce" and "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," section 701(b), there is nothing in the Amended Complaint to suggest that Plaintiff worked for Miller Brothers. Indeed, Plaintiff alleges in the Amended Complaint that she "worked *through* Miller Brothers, *an employment agency*," ECF No. 2, ¶ 13 (emphasis added), which is defined as "any person regularly undertaking with or without compensation to procure employees for an

4

The absence of any facts from which it could be inferred that Miller Brothers took part in the decision to terminate Plaintiff's employment with Trinity is fatal to her claim.  Moreover, Plaintiff has not alleged any facts from which it could be inferred that Trinity conveyed to Miller Brothers that Plaintiff had made a complaint of sexual harassment against her supervisor or that Miller Brothers was otherwise aware of the complaint.  Under these circumstances, Plaintiff has failed to allege facts to show a causal connection between her report of sexual harassment to Trinity and the mere notification from Miller Brothers not to return to Trinity.  See Abdul-Latif v. Cnty. of Lancaster, 990 F. Supp. 2d 517, 535 (E.D. Pa. 2014), *citing* Ambrose v. Twp. of Robinson, Pa., 303 F.3d 488, 493(3d Cir. 2002) ("a First Amendment retaliation claim requires a plaintiff to show that her employer knew about the protected activity and that the protected activity was a substantial factor in the retaliatory action").  As such, Plaintiff has failed to raise the right to relief for retaliation against Miller Brothers above the speculative level and the claim is properly dismissed.

---

employer or to procure for employees opportunities to work for an employer and includes an agent of such a person."  42 U.S.C. § 2000e(c).  According to the Amended Complaint, Miller Brothers merely procured employment for Plaintiff with an employer (Trinity), and thus falls within the definition of employment agency.  See Williams v. Caruso, 966 F. Supp. 287, 296 (D. Del. 1997) ("[i]f the Court were to permit Williams to sue Western as her "employer," the prohibitions relating to employment agencies would be rendered superfluous"); Kellam v. Snelling Personnel Services, 866 F. Supp. 812, 815 (D. Del. 1994), *aff'd*, 65 F.3d 162 3d Cir. 1995) (finding that an employment agency plays no role in the temporary worker's job training, direction, supervision or evaluation).  Furthermore, while an employment agency can be considered a joint employer under certain circumstances, those circumstances include the right to control the means and manner of employment, including the decision to hire and/or fire; assignments and the work rules that would apply to the employee; compensation, benefits and hours; the day to day supervision, including imposing discipline; and maintaining employee records.  See Abdallah v. Allegheny Valley Sch., 2011 WL 344079, at *3 (E.D. Pa. Feb. 1, 2011), *citing* Butterbaugh v. Chertoff, 479 F. Supp. 2d 485, 491 (W.D. Pa. 2007).  Although Plaintiff makes the conclusory statement in her Brief that "Miller Brother maintained the right to fire Plaintiff," ECF No. 23, p. 6, the Amended Complaint contains no facts which would permit the inference that, once placed at Trinity, Miller Brothers maintained any control over Plaintiff's employment there.  As such, Miller Brothers cannot be considered a joint employer.

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(6), ECF No. 19, and the Supplemental Motion to Dismiss for Failure to State a Claim, ECF No. 31, are properly granted. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 3rd day of June, 2015, upon consideration of the Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(6) submitted on behalf of Defendant Miller Brothers, ECF No. 19, Plaintiff's Brief in Opposition to the Motion to Dismiss Complaint, ECF No. 23, and Miller Brother's Supplemental Motion to Dismiss for Failure to State a Claim, ECF No. 31, IT IS HEREBY ORDERED that the Motion to Dismiss and the Supplemental Motion to Dismiss are GRANTED. IT IS FURTHER ORDERED that Defendant Miller Brothers is dismissed from the case.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing