IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TINA DEETER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-215E |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| TRINITY SERVICES GROUP, INC. | ) | |
| *a/so known as* TRINITY FOOD | ) | |
| SERVICES; MILLER BROTHERS | ) | |
| STAFFING SOLUTIONS, LLC *also* | ) | |
| *known as* MILLER BROTHERS | ) | Re: ECF No. 40 |
| STAFFING SOLUTIONS, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**

Plaintiff Tina Deeter ("Plaintiff") initiated this civil rights action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), bringing a claim for intentional sexual harassment discrimination against her employer, Trinity Services Group, Inc. ("Trinity"), and a claim for retaliation against Miller Brothers Staffing Solutions ("Miller Brothers"), which is the employment agency that placed her with Trinity.

Presently before the Court is a Motion to Dismiss Second Amended Complaint submitted on behalf of Miller Brothers. ECF No. 40. For the reasons that follow, the Motion will be granted in part and denied in part.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she was placed with Trinity at its Quality Living Center through Miller Brothers in mid-May of 2013. ECF No. 39, ¶ 14. Plaintiff was assigned to work in the kitchen at Trinity where she alleges that "Carl," one of her supervisors, subjected her to "unwelcome and bothersome abusive conduct directed at her because of her sex . . . that

constituted sexual harassment and created a hostile work environment." Id. at ¶¶ 14, 15.  See id. at ¶¶ 16-25.  Plaintiff contends that she reported the sexual harassment to "Billy," a female supervisor at Trinity, on June 12, 2013, and was subsequently contacted by Miller Brothers on June 14, 2013.  Id. at ¶¶ 26, 27.  Plaintiff alleges that she met with three individuals at Miller Brothers at which time she also informed them that she was being sexually harassed by Carl.  Id. at ¶¶ 28-30.  According to Plaintiff, she was then told that she was no longer to report to Trinity and that Miller Brothers would be in touch with her about future job placements.  Id. at ¶¶ 31, 32.  Plaintiff contends that because she has not heard from anyone at Miller Brothers since June 14, 2013, she was "discharged by Miller Brothers."  Id. at ¶ 33.

Plaintiff filed a Complaint on August 15, 2014, ECF No. 1, which she amended on that same date in order to correct the caption.  ECF No. 2.  In response to a previously filed Motion to Dismiss filed by Miller Brothers, Plaintiff asked for, and was granted, another opportunity to amend the Complaint.  ECF Nos. 33, 38.  On June 15, 2015, Plaintiff filed a Second Amended Complaint, which remains the operative complaint, bringing a claim for intentional sexual harassment discrimination pursuant to Title VII against Trinity (Count I), and a Title VII retaliation claim against Miller Brothers (Count II).  On June 6, 2015, Miller Brothers filed a Motion to Dismiss Second Amended Complaint, to which Plaintiff filed a Brief in Opposition on July 29, 2015.  ECF Nos. 40, 44.  As such, Miller Brothers' Motion to Dismiss is ripe for review.

## II. STANDARD OF REVIEW

In assessing the sufficiency of the complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not

2

accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986). Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## III. DISCUSSION

As previously discussed, Plaintiff has brought a single claim against Miller Brothers under the anti-retaliation provision of Title VII, which provides that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

3

42 U.S.C. § 2000e–3(a). To state a claim for retaliation under Title VII, a plaintiff "must establish (1) that she engaged in 'protected activity,' (2) that she suffered a materially adverse action, and (3) that there is a causal connection between the adverse action and the protected activity." Kendall v. Donahoe, 913 F. Supp. 2d 186, 191 (W.D. Pa. 2012), *aff'd sub nom.* Kendall v. Postmaster Gen. of U.S., 543 F. App'x 141 (3d Cir. 2013), *quoting* Fogleman v. Mercy Hosp., Inc., 283 F.3d 561, 567 (3d Cir. 2002).

Miller Brothers argues that Plaintiff's retaliation claim, set forth in Count II, should be dismissed because Miller Brothers was not Plaintiff's employer and because Plaintiff has failed to allege facts to establish that Miller Brothers took an adverse employment action against her.

With respect to Miller Brothers, Plaintiff alleges in the Second Amended Complaint that she "worked through Miller Brothers, an employment agency;" that on June 14, 2013, she was contacted by Miller Brothers after she reported Carl's sexual harassment to a supervisor at Trinity; that she subsequently met with three individuals from Miller Brothers and informed them that she was being sexually harassed by Carl; that Plaintiff was then told by Miller Brothers that she was no longer to report to Trinity and that Miller Brothers would be in touch with her about future job placements; and that Plaintiff was "discharged by Miller Brothers" as she has not heard from Miller Brothers since June 14, 2013. ECF No. 39, ¶¶13, 27-29, 31-33. The Court agrees that these facts are insufficient to show that Miller Brothers was Plaintiff's employer and thus cannot be held liable as such under Title VII.

As previously found by this Court, although Miller Brothers may be *an* employer in that it is "engaged in an industry affecting commerce" and "has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," 42 U.S.C. § 2000e(b), there is nothing in the Second Amended Complaint to suggest that

Miller Brothers was *Plaintiff's* employer or that she otherwise worked *for* Miller Brothers. Although an employment agency can be considered a joint employer under certain circumstances, those circumstances include the right to control the means and manner of employment, including the decision to hire and/or fire; assignments and the work rules that would apply to the employee; compensation, benefits and hours; the day to day supervision, including imposing discipline; and maintaining employee records. See Abdallah v. Allegheny Valley Sch., 2011 WL 344079, at *3 (E.D. Pa. Feb. 1, 2011), *citing* Butterbaugh v. Chertoff, 479 F. Supp. 2d 485, 491 (W.D. Pa. 2007). The Second Amended Complaint contains no facts which would permit the inference that, once placed at Trinity, Miller Brothers maintained any control over Plaintiff's employment there. As such, Miller Brothers cannot be considered a joint employer. See also Kellam v. Snelling Personnel Services, 866 F. Supp. 812, 815 (D. Del. 1994), *aff'd*, 65 F.3d 162 3d Cir. 1995) (finding that an employment agency plays no role in the temporary worker's job training, direction, supervision or evaluation).

Moreover, under Title VII, an employment agency is separately defined as "any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S.C. § 2000e(c). According to Plaintiff's allegations in the Second Amended Complaint, Miller Brothers procured employment for Plaintiff with an employer (Trinity). See ECF No. 2, ¶ 13 ("Plaintiff worked *through* Miller Brothers, *an employment agency*") (emphasis added). Thus, Miller Brothers falls squarely within the definition of an employment agency. See also Williams v. Caruso, 966 F. Supp. 287, 296 (D. Del. 1997) ("[i]f the Court were to permit Williams to sue Western as her "employer," the prohibitions relating to employment agencies

5

would be rendered superfluous"). Therefore, to the extent that Plaintiff seeks to hold Miller Brothers liable as her employer, Plaintiff's retaliation claim is properly dismissed.

The anti-retaliation provision of Title VII, however, also makes it unlawful for an employment agency to retaliate against "any individual" because he or she opposed an unlawful employment practice. 42 U.S.C. § 2000e-3(a). Plaintiff has alleged in the Second Amended Complaint that, after she informed Miller Brothers that she was being sexually harassed by Carl Amodie at Trinity, she was told by Miller Brothers not to report back to Trinity and that Miller Brothers failed to get in touch with her about future job placements despite their counsel that they would do so.

These actions appear to be sufficiently adverse to state a claim for retaliation against Miller Brothers as an employment agency. Indeed, procuring opportunities for employees to work for an employer is precisely the role of an employment agency, see 42 U.S.C. § 2000e(c), and thus failing or refusing to refer an individual who has made complaints of sexual harassment necessarily constitutes retaliatory conduct as contemplated by Title VII's anti-retaliation provision with respect to employment agencies.

Miller Brother's argument that removing Plaintiff from employment at Trinity and failing to refer her to other jobs do not constitute adverse employment actions is unpersuasive. With one exception, all of the cases relied upon by Miller Brothers to support its position are cases in which the plaintiffs had brought claims pursuant to the intentional discrimination provisions of Title VII and not the anti-retaliation provision as Plaintiff has in this case. See E.E.O.C. v. Kelly Services, Inc., 598 F.3d 1022 (8th Cir. 2010); Shah v. Adecco, 682 F. Supp. 2d 435 (D. Del. 2010); Watson v. Adecco Employment Services, Inc., 252 F. Supp. 2d 1347 (M.D. Fla. 2003). More importantly, however, all of these cases were decided at the summary judgment phase of

6

the litigation and not at the motion to dismiss stage. The Courts' findings therefore were based on the evidence -- or the lack thereof -- adduced by the plaintiffs during discovery having necessarily stated a claim for retaliation in the first instance. See E.E.O.C. v. Kelly Services, Inc., 598 F.3d at 1030 (finding that, on the facts before it, the Court need not decide the question of whether an employment agency's failure to refer a plaintiff for employment qualifies as an adverse employment action as the EEOC failed to point to any *evidence* that there was a position available to which the employee could have been referred); Shah v. Adecco, 682 F. Supp. 2d at 440 (finding not only that the defendant, a temporary staffing agency, was the plaintiff's employer, and remained so after the plaintiff was removed from a job assignment, but that the *evidence* showed that the defendant's premature termination of the plaintiff's assignment was done at the behest of the defendant's client with whom the plaintiff was placed, and not the defendant); Watson v. Adecco Employment Services, Inc., 252 F. Supp. 2d. at 1357 (declining to find that the defendant employment agency took an adverse action against the plaintiffs where the *evidence* showed that the defendant, which the Court found was not the plaintiffs' employer, simply conveyed to the plaintiffs the wishes of the its client that the plaintiffs were not to report anymore). Consequently, none of these cases preclude a finding that Plaintiff in this case has alleged sufficient facts in the Second Amended Complaint from which it could be inferred that Miller Brothers took an adverse employment action against her.[1]

---

[1] Although the Court in Watson went on to state that "if Adecco knew its client . . . had discriminated against its temporary employees, then it would not violate Title VII by removing, on its own accord, the employees from that discriminatory assignment. In fact, such action would be an appropriate accommodation to correct the client's allegedly discriminatory conduct[,]"it does not alter this Court's findings here. Watson, 252 F.Supp.2d at 1357 (footnotes omitted). Not only does it bear repeating that the claim against the employment agency in Watson was one of intentional discrimination and not a retaliation claim, but the Court's statements in this regard are largely dicta. Moreover, unlike the Court in Watson, this Court does not have the benefit of discovered evidence from which it can be determined precisely what Miller Brothers knew or what motivated its actions. Whether or not Plaintiff is able to provide the necessary evidence when the time comes remains to be seen. At this stage of the litigation, however, Plaintiff's allegations in the Second Amended Complaint are sufficient to state a claim for retaliation under Title VII. See Swope v. City of Pittsburgh, ___ F. Supp. 3d ___, 2015 WL 500922, at *2 (W.D.

The only case cited by Miller Brothers that was brought under Title VII's anti-retaliation provision and decided at the motion to dismiss stage of the proceedings is Mullis v. Mechanics & Farmers Bank, 994 F. Supp. 680 (M.D.N.C. 1997) ("Mullis"). In Mullis, the plaintiff brought, *inter alia*, a retaliation claim against a temporary services agency alleging, much like Plaintiff has in this case, that she had been removed from her temporary assignment at a bank after she complained of sexual harassment. Although the Court granted the defendant's motion to dismiss, finding that the plaintiff had failed to allege sufficient facts to suggest that the defendant took an adverse employment action against the plaintiff, it did not find, as Miller Brothers suggests, that removing an employee from an assignment could never rise to the level of an adverse employment action. Moreover, the Court's conclusion was based on its earlier finding that the defendant, unlike Miller Brothers, was the plaintiff's employer and that adverse employment actions taken by employers "have 'consistently focused on the question of whether there has been discrimination in what could be characterized as ultimate employment decisions such as hiring, granting leave, discharging, promoting and compensation.'" Id. at 686, *quoting* Page v. Bolger, 645 F.2d 227, 233 (4th Cir. 1981). Because Mullis had not alleged that the defendant "discharged her, refused to assign her to other positions, only offered her assignments inferior to her position at Mechanics," the Court found that she had failed to plead facts showing that her employer had taken an adverse employment action against her. Id. at 686-87.

Here, however, Miller Brothers was not Plaintiff's employer. Plaintiff's failure to allege that Miller Brothers took an adverse action that is normally attributable to employers, therefore, is of no moment. See Burlington Northern and Santa Fe Ry. Co. v. White, 548 U.S. 53, 63-64

---

Pa. Feb. 5, 2015), *citing* Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003) (in deciding a motion to dismiss, "[t]he question is not whether the plaintiff will prevail in the end but, rather, is whether the plaintiff is entitled to offer evidence in support of his or her claims").

(2006) (finding that in order to meet the objective of Title VII's anti-retaliation provision, which seeks to prevent harm to individuals based on their conduct, discriminatory actions on the part of an employer are not limited to actions that affect the terms and conditions of employment). Rather, Plaintiff has alleged that Miller Brothers, as an employment agency -- which, by definition, "procure[s] for employees opportunities to work for an employer" -- removed her from employment after she complained of harassment and subsequently failed to contact her in order to procure other employment. See 42 U.S.C. § 2000e(c). Thus, the Court finds not only that Miller Brother's reliance on Mullis is misplaced, but that Plaintiff has alleged sufficient facts, at this early stage of the litigation, to state a claim for Title VII retaliation against Miller Brothers as an employment agency.

## IV.     CONCLUSION

For the foregoing reasons, the Motion to Dismiss Second Amended Complaint, ECF No. 40, is properly granted in part and denied in part.

Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 23rd day of September, 2015, upon consideration of the Motion to Dismiss Second Amended Complaint submitted on behalf of Defendant Miller Brothers, and Plaintiff's Brief in Opposition to Miller Brother's Motion to Dismiss Second Amended Complaint, IT IS HEREBY ORDERED that Defendant Miller Brother's Motion to Dismiss Second Amended Complaint, ECF No. 40, is GRANTED in part and DENIED in part. The Motion is granted insofar as Plaintiff seeks to hold Miller Brothers liable under Title VII's

retaliation provision as her employer and denied with respect to Plaintiff's retaliation claim brought against Miller Brothers as an employment agency.

BY THE COURT:


/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE


cc: All counsel of record by Notice of Electronic Filing